UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC LIPTON,<br>The New York Times<br>1627 I St., N.W.<br>#700<br>Washington, D.C. 20006,<br><br>THE NEW YORK TIMES COMPANY,<br>242 W 41st St.<br>New York, NY  10036<br><br>           Plaintiffs,<br><br>      v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY,<br>1200 Pennsylvania Ave., N.W.<br>Washington, D.C. 20460<br><br>           Defendant. | Civil Action No. 17-cv-2588<br>ECF Case |

**COMPLAINT**

<u>Introduction</u>

1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the electronic release and regular updating of Environmental Protection Agency ("EPA") Administrator Scott Pruitt's daily schedule.

2.     Agency heads' daily schedules have long provided a valuable way for the public to be knowledgeable about important agency decisions, including those that affect the health and safety of their families and themselves.  When the public knows who has the ear of an agency head and for how long, and what interests they represent, the public is better equipped to ensure that agencies remain accountable and free from undue and undisclosed influence; and that

agencies are taking care to faithfully execute the laws they are charged with enforcing and implementing.

3. Administrator Pruitt's daily schedule is a prime example of the kind of record which the FOIA was enacted to make available for public inspection. Consider Administrator Pruitt's calendar from Thursday, April 27, which is public as the result of an earlier FOIA request filed by American Oversight, a nonprofit group. On that day, according to the detailed calendar that was released, Administrator Pruitt had, among other meetings, a gathering with the chief executives from Ford, GM, Fiat Chrysler Automobiles, Toyota, Volkswagen, Mercedes Benz, BMW, Jaguar Land Rover, Mazda, Mitsubishi, Porsche, and Volvo, to discuss EPA priorities affecting the automobile industry. That same day, Administrator Pruitt met with lobbyists and executives from corporations including Dow Chemical, Honeywell, Boeing, BASF, Schnitzer Steel, and ExxonMobil to discuss how the EPA will manage Superfund cleanup efforts. A true and correct copy of Administrator Pruitt's April 27 calendar, as provided to American Oversight, is annexed as Exhibit A. On information and belief, Administrator Pruitt has, on separate days, also held private conversations with lobbyists with whom he interacted as Oklahoma Attorney General, when they jointly worked to challenge federal environmental rules like the regulation of methane emissions. Administrator Pruitt's publicly disclosed calendar shows no comparable meetings with advocates for major nonprofit environmental or public health groups.

4. As these meetings continue, so too does the public interest in obtaining timely, complete, and accurate information about Administrator Pruitt's schedule. This FOIA complaint seeks to vindicate that interest.

5.  The FOIA unambiguously mandates the release of agency records for public inspection in an electronic format when those records have been previously released to any person and have been requested three or more times.  5 U.S.C. § 552(a)(2)(D).

6.  The detailed list of who Administrator Pruitt meets with, what the topics are, who is present, and where the meetings take place—as was provided in 2017 to American Oversight, *see, e.g.*, Exhibit A—are essential public documents, and under law should be released on an ongoing basis for public inspection.  Administrator Pruitt's calendar record is often the only way the public has visibility into who provides Administrator Pruitt with input as he devises policy positions that affect all Americans, as the EPA's positions directly impact the management of the nation's air and water.  A simple list of the name of a participating organization and date of a meeting—as was previously released by Administrator Pruitt's office in earlier FOIA responses to newspaper requests for calendar information—is not sufficient to provide visibility into matters about which the public has a justified interest.  The full calendar, with specifics on the location of each meeting, what was discussed, any summary of the agenda, and the people who were present, is essential to help understand the purpose of the gathering.  The Court should order this version to be released on a recurring basis.

## Jurisdiction and Venue

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8.  Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because the agency record is situated within the District of Columbia.

**Parties**

9.  Plaintiff Eric Lipton is a Washington-based correspondent working for The New York Times.  He principally reports on government relations, corporate agendas, and Congress.

10.  Plaintiff The New York Times Company ("New York Times") is a nationwide news company, committed to providing the public with facts concerning the work and contacts of government officers.  Mr. Lipton and the New York Times regularly publish news articles on the EPA and Administrator Pruitt.

11.  Defendant Environmental Protection Agency ("EPA") is a U.S. government agency within the meaning of 5 U.S.C. § 552(f)(1).

**Facts**

FOIA Request for Administrator Pruitt's Daily Calendar

12.  Agency heads' calendars generally have provided valuable public information.  On information and belief, they have been disclosed under previous administrations.

13.  Eric Lipton regularly reports for the New York Times on how federal agencies operate, including efforts to write or revise federal regulations, legislation, and enforcement efforts.  He also examines the role that industry lobbyists play in attempting to influence federal policy.  Access to Administrator Pruitt's daily calendar is essential to the plaintiffs' reporting, as it would allow them to identify the industry figures, as well as environmentalists and other parties, with whom Administrator Pruitt has met, both in Washington, D.C. and across the country.

14.  On July 12, 2017, through the EPA's FOIAOnline system, Daniel Stublen, a research assistant at the New York Times working with Eric Lipton, filed a FOIA request on behalf of Lipton and the New York Times (the "Original Request") with the EPA, requesting that

Administrator Pruitt's calendar be released pursuant to 5 U.S.C. § 552(a)(3). The request was numbered as EPA-HQ-2017-009347.

15. Having demonstrated a compelling need for the record under 5 U.S.C. § 552(a)(6)(E)(i)(I), plaintiffs sought expedited processing of the Original Request.

16. Plaintiffs also sought a waiver of search, review, and duplication fees for the Original Request because the requested record was not sought for commercial use, plaintiffs are "representative[s] of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii)(II), and the requested information is in the public interest as defined under 5 U.S.C. § 552(a)(4)(A)(iii).

17. On October 19, 2017, through the EPA's FOIAOnline system, Daniel Stublen updated plaintiffs' request on behalf of plaintiffs (the "Revised Request") to ask that Administrator Pruitt's calendar be released and regularly updated pursuant to the FOIA's "reading room" provision in 5 U.S.C. § 552(a)(2)(D). Under this provision, the FOIA requires that if a record has been released once pursuant to 5 U.S.C. § 552(a)(3) and is the subject of three other requests, an agency must make that request available for public inspection in an electronic format.

18. The Revised Request sought:

   a. Administrator Pruitt's daily schedule from January 20, 2017 through the date of the search pursuant to 5 U.S.C. § 552(a)(3), including any calendars maintained on behalf of Administrator Pruitt, detailing daily events or meetings Administrator Pruitt attended or was scheduled to attend; who was expected to be at the meetings or events; which staff were in charge of organizing the meetings or events; and any notes attached to the scheduled meetings or events; and

    b. if the EPA had ever released the Administrator's schedule under § 552(a)(3), that Administrator Pruitt's daily schedule, as described in paragraph A of the request, be made available for public inspection in an electronic format and regularly updated throughout his time as a federal employee pursuant to 5 U.S.C. § 552(a)(2)(D).

19. The Revised Request maintained the requests for a fee waiver and expedited processing as described *supra* paragraphs 15-16.

20. Administrator Pruitt's calendar has been released pursuant to 5 U.S.C. § 552(a)(3) to, among others, the nonprofit group American Oversight. *See, e.g.*, Exhibit A. On information and belief, it has also been the subject of at least three other requests. On information and belief, other parties have filed litigation to obtain Administrator Pruitt's calendar.

## Agency Response

21. On July 13, 2017, EPA responded to plaintiffs' request for a fee waiver and expedited processing in the Original Request (the "July 13 Response"). EPA granted the request for expedited processing, and concluded that because the request did not reach the minimum billable amount, no charges would be associated with processing the request. A true and correct copy of the July 13 Response is annexed as Exhibit B.

22. More than twenty days have elapsed since plaintiffs updated their request on October 19, and there has been no further response from the EPA.

## Causes of Action

### FIRST CLAIM

(Violation of FOIA by failing to make regularly available a record that has been requested three or more times or is likely to become the subject of repeated requests, as required by 5 U.S.C. § 552(a)(2)(D))

23. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

24. Defendant's failures to make available the record sought by the Request violates the FOIA, 5 U.S.C. § 552(a)(2)(D).

### SECOND CLAIM

(Violation of FOIA by failing to respond to plaintiffs' Request)

25. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

26. Defendant's failure to timely respond to the Request violates the FOIA, 5 U.S.C. § 552(a)(6)(A), and defendant's corresponding regulations.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs request this Court to:

1. Declare that the record sought by plaintiffs in their FOIA Request is a public record under 5 U.S.C. § 552(a)(2)(D) and that a regularly updated version of the record sought must be made available for public inspection in an electronic format;

2. Order defendant to conduct a thorough search for all records responsive to plaintiffs' Request;

3. Order defendant to immediately process and release a regularly updated record to plaintiffs responsive to plaintiffs' Request;

4. Order defendant to disclose all improperly withheld or redacted information;

5. Enjoin defendant from charging plaintiffs for the search, review, or duplication fees for processing the Request;

6. Award plaintiffs the costs and reasonable attorney's fees incurred in this action; and

7. Grant such other relief as this Court deems just and proper.

> Respectfully submitted,
>
> By: /s/ David A. Schulz (Bar No. 459197)
> David A. Schulz, supervising attorney
> 919 3rd Avenue, 37th Floor
> New York, NY 10022
> Tel: (212) 850-6103
> Fax: (203) 432-3034
> schulzd@ballardspahr.com
>
> Charles S. Sims, supervising attorney
> John Langford, supervising attorney
> Allison Douglis (law student intern)
> Delbert Tran (law student intern)
> MEDIA FREEDOM &
>     INFORMATION ACCESS CLINIC
> ABRAMS INSTITUTE
> Yale Law School[1]
> P.O. Box 208215
> New Haven, CT 06520

---

[1] This Complaint has been prepared in part by a clinic associated with the Abrams Institute for Freedom of Expression and the Information Society Project at Yale Law School, but does not purport to present the school's institutional views, if any.