**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ERIC LIPTON and THE NEW YORK TIMES COMPANY,<br><br>      Plaintiffs,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br><br>      Defendant. | No. 17-cv-02588 (JDB) |

**PLAINTIFFS' PROPOSED SCHEDULE**

Plaintiffs Eric Lipton and the New York Times Company ("Plaintiffs") and Defendant United States Environmental Protection Agency ("EPA"), by and through undersigned counsel, have conferred, and were unable to reach a joint proposed schedule for briefing summary judgment. Accordingly, Plaintiffs hereby submit the following proposed schedule for this matter and state as follows:

  1.  On July 12, 2017, Plaintiffs submitted a FOIA request seeking EPA Administrator Scott Pruitt's calendar under FOIA's request provision, 5 U.S.C. § 552(a)(3).

  2.  On October 19, 2017, Plaintiffs updated their FOIA request seeking to have EPA make Administrator Pruitt's calendar published and regularly updated pursuant to FOIA's "reading room" provision, which requires agencies affirmatively make certain records available to the public without waiting for a request for those records. 5 U.S.C. § 552(a)(2).

  3.  After EPA failed to respond to Plaintiffs' updated FOIA request, Plaintiffs initiated this action on December 4, 2017, asserting two claims. ECF No. 1 at 7. First, Plaintiffs claimed that Defendant is violating FOIA's proactive disclosure provisions in 5 U.S.C.

§ 552(a)(2) by failing to make Administrator Pruitt's daily calendar available on an on-going basis in its electronic reading room. *Id.* at 7.  Second, Plaintiffs claimed that Defendant violated FOIA by failing to respond to their request, including by failing to respond to their request for disclosure the of Administrator Pruitt's calendar from April 1, 2017, to the date of production pursuant to FOIA's request provision, 5 U.S.C. § 552(a)(3). *Id.*

4. The parties agree that this is a FOIA action exempt from the requirements of Local Civil Rule 26.2 and that it is appropriately resolved on summary judgment.

5. Plaintiffs anticipate that the parties will be able to resolve their Second Claim involving Defendant's failure to produce retrospective calendar records of Administrator Pruitt, for the following reasons:

   a. In October 2017, Defendant released retrospective records of Administrator Pruitt's calendar from February to May 2017 in response to an April 5, 2017, request from American Oversight that is materially indistinguishable from Plaintiffs' request.

   b. Those records are now publically available at *EPA Administrator Scott Pruitt's Calendars*, Am. Oversight (Oct. 3, 2017), https://www.americanoversight.org/document/epa-administrator-scott-pruitts-calendars.

   c. Defendant has informed Plaintiffs that it anticipates producing all of the retrospective calendar records requested by Plaintiffs by April 6, 2018.

   d. So long as any withholdings and/or redactions from the retrospective calendars to be produced in this case substantially mirror those Defendant made in producing retrospective calendars to American Oversight, Plaintiffs do not anticipate any challenge to those withholdings and/or redactions.

6.  Plaintiffs do intend to seek summary judgment on their First Claim, and are prepared to act promptly. This claim presents the discrete legal issue of whether FOIA's reading-room provision requires EPA to make Administrator Pruitt's calendar proactively available in its electronic reading room. This issue requires no additional factual development and it should be resolved without further delay in light of ongoing public controversies surrounding who the EPA Administrator is meeting with and when. Deferring a resolution of the claim for proactive calendar release would seriously impede the public's right to access Administrator Pruitt's calendar, as evidenced by the fact that it has taken nearly eight months and a federal lawsuit to get the EPA to respond to Plaintiffs' request for retrospective calendar records.

7.  Plaintiffs propose to proceed immediately on a motion for partial summary judgment on their First Claim on the following schedule:

**March 8, 2018:** Plaintiffs to file a motion for partial summary judgment on Claim 1.

**April 5, 2018:** Defendant to file its opposition to partial summary judgment.

**April 26, 2018:** Plaintiffs to file their reply.

8.  A proposed order is attached for the Court's convenience.

Dated: March 5, 2018                              Respectfully submitted,

By: /s/ David A. Schulz
David A. Schulz, D.C. Bar #459197
Charles S. Sims, *Pro Hac Vice*
John Langford, *Pro Hac Vice*
Allison Douglis (law student intern)
Delbert Tran (law student intern)
Jeff Guo (law student intern)
MEDIA FREEDOM & INFORMATION ACCESS CLINIC
ABRAMS INSTITUTE
Yale Law School
P.O. Box 208215
New Haven, CT 06520

4

*Attorneys for Plaintiffs*

Case 1:17-cv-02588-JDB   Document 17   Filed 03/05/18   Page 4 of 5

4

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I certify that on March 5, 2018, I electronically filed the foregoing motion using the Court's CM/ECF system.

               /s/ John Langford
               MEDIA FREEDOM &
                 INFORMATION ACCESS CLINIC
               ABRAMS INSTITUTE
               Yale Law School
               P.O. Box 208215
               New Haven, CT 06520
               Tel: (203) 436-5831

               *Attorney for Plaintiffs*